## In the matter of THOMPSON.

Where an ex parte application is made to a surrogate, for the purpose of obtaining a revocation of letters testamentary, granted to another person, and the application is denied, the administrator is a necessary party to an appeal from the surrogate's order, denying the application; although such administrator was not notified to attend and oppose the application before the surrogate.

A will duly executed, which in terms revokes all former wills, and appoints executors, is a valid revocation of a former will, disposing of a part of the testator's property; although the will containing such clause of revocation makes no disposition of the property embraced in the former will.

THIS case came before the chancellor upon an ex parte appeal, from an order of the surrogate of New-York. The object of the application to the surrogate was to obtain the revocation of letters of administration, with the will annexed, which had been granted upon the estate of a decedent who had died in Ireland, and to be permitted to prove a previous will, in relation to certain personal property of the testator situated in this state. The surrogate rejected the application, without citing the administrator to appear before him. And the appellant appealed from that decision, without making the administrator with the will annexed a party to the appeal. Nor was there any petition of appeal presented to this court.

*J. Anthon,* for the appellant.

THE CHANCELLOR. This proceeding is altogether irregular; and if there was any reason to doubt that the will, executed in Ireland, was an absolute revocation of the former will executed in this state, I should direct the case to stand over, and that the administrator with the will annexed should be brought before this court, by a proper petition of appeal, making him a respondent therein. It is perfectly evident, however, that the subsequent will, made in Ireland, was a revocation of the will made in New-York; and that the Irish will was intended to dispose of all the testator's property, either here or elsewhere. The first clause of the Irish will, in terms, revokes all former wills. And

if that will itself had not disposed of the property here, the proper course for the next of kin was to call upon the administrator with the will annexed, to account for and pay over to them the part of the property as to which the testator had died intestate.

But the Irish will does in fact dispose of all the decedent's property. The testator devises all his estate real and personal, *except his household goods and his personal property in New-York*, to Fulton, upon certain trusts. The trust estate does not of course embrace the testator's household goods, or his personal property here. But a subsequent clause of the will disposes of the household goods to his wife. And the residuary clause of the will, in which the testator gives all the residue of his effects to such of the grandchildren of his brother and sisters as should be living at the time of his death, not only disposes of the personal property in this country which was excepted from the bequest in trust, but of any other personal estate, wherever situated, not embraced in the trust clause, and which was not effectually disposed of by other parts of the will. It would, therefore, be a useless expense to require the appellant to file a petition of appeal, to bring the administrator with the will annexed before this court.

An order must therefore be entered dismissing the appeal.